**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3314
_____

MIA GRAVES,
                    Appellant

v.

JUDGE LEANNE LITWIN; JUDGE MARK B. COHEN; MASTER WILLIAM H.
KETTERLINUS; MASTER PANDOLFI, DOMESTIC RELATIONS SECTION;
EUGENE D. WATSON; MICHELLE WATSON; DARLENA GRAVES; KATIE
GALLEN; CITY OF PHILADELPHIA; PHILADELPHIA FAMILY COURT

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:25-cv-06298)
District Judge: Honorable Mark A. Kearney

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 5, 2026

Before: HARDIMAN, FREEMAN, and SCIRICA, *Circuit Judges*

(Opinion filed: July 16, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Mia Graves appeals from the District Court's dismissal of her complaint. For the reasons that follow, we will affirm the District Court's judgment.

This case stems from a custody dispute regarding Graves's child, between Graves, the child's father, and the child's maternal grandmother. *See Graves v. Graves*, 265 A.3d 688, 690 (Pa. Super. Ct. 2021). Prior to 2020, Graves had sole physical and legal custody of the child. In 2020, after a hearing in the Family Division of the Philadelphia Court of Common Pleas ("Family Court"), the child's father, Eugene Watson, was awarded sole physical and legal custody of the child. Graves appealed, and the custody order was vacated and remanded for further proceedings. The Pennsylvania Superior Court concluded that because only Graves and the child's grandmother were parties to the underlying custody matter, Watson needed to be formally added as a party on remand and the trial court needed to consider all of the relevant factors before making its decision.

After remand, the Family Court again granted sole physical and legal custody to Watson. The Superior Court affirmed the custody order on appeal.[1] *See Graves v. Graves*, 285 A.3d 964, 2022 WL 4588656 at *5 (Pa. Super. Ct. 2022).

Graves then filed two federal lawsuits, bringing federal civil rights claims against the Family Court, state court officers, a judge, Watson, and the child's grandmother. The first case was dismissed for failure to state a claim, and the second was dismissed for lack

---

[1] Graves also appealed to the Superior Court after the Family Court transferred the custody matter to Delaware, where Watson resided with the child, and denied Graves's petitions to hold Watson in contempt; the Superior Court affirmed the order. *See Graves v. Graves*, 319 A.3d 47 (Pa. Super. Ct. 2024), *appeal denied*, 323 A.3d 150 (Pa. 2024).

of prosecution. *See Graves v. Cohen*, CV No. 23-3853, 2023 WL 8188840, at *6 (E.D. Pa. Nov. 27, 2023); *Graves v. Watson*, E.D. Pa. Civ. No. 2:25-cv-00848.

In November 2025, Graves initiated a third federal lawsuit, at issue here, against the City of Philadelphia, the Family Court, two judges, three state court officers, the child's grandmother, and Watson and his wife. The District Court concluded, again, that Graves failed to state claims pursuant to 42 U.S.C. § 1983, and the District Court declined to exercise supplemental jurisdiction over any remaining state law claims. Graves timely appealed.[2]

We will affirm. The District Court appropriately concluded that Graves failed to state a claim upon which relief could be granted on her third attempt to relitigate her state court custody dispute in federal court.[3] The Family Court is not a person for purposes of § 1983. *See Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000). Graves has not identified a policy or custom by the City of Philadelphia that could establish municipal liability under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

---

[2] Graves filed two motions for reconsideration in the District Court, which were denied after she initiated this appeal. She has not noticed appeals from the orders denying of reconsideration, making those decisions beyond the scope of this appeal. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

[3] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief could be granted. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

The state court judges are entitled to absolute judicial immunity for their decisions in Graves's case, as she disagrees with their orders but has not alleged that they engaged in nonjudicial acts or took actions "in the complete absence of all jurisdiction." *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam). The court officers — special masters and a hearing officer who were involved with Graves's case and thus acted on a judicial matter in a capacity functionally equivalent to judges — were also immune from suit in the context of this case.[4] *Russell v. Richardson*, 905 F.3d 239, 247 (3d Cir. 2018) ("[S]o-called 'quasi-judicial' immunity has been extended over time to protect a range of judicial actors, including those who make discretionary judgments functionally comparable to judges, . . . and those who serve as arms of the court, fulfilling a quasi-judicial role at the court's request.") (cleaned up).

The remaining defendants — Watson, his wife, and the child's grandmother — are private individuals and not state actors for purposes of § 1983. *See Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 169-71 (3d Cir. 2004). Finally, because Graves's federal claims were all properly dismissed, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over Graves's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (1999).

For these reasons, we will affirm the District Court's judgment.[5]

---

[4] Graves's appellate brief primarily challenges the District Court's judicial immunity rulings, making vague, conclusory allegations of bias that do not merit relief.
[5] Graves's motion to expedite the appeal is denied.